IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAURICE CRUZ-WEBSTER, | § | |
| | § | |
| Defendant Below, | § | No. 478, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1501005498 |
| | § | 1407016317 (N) |
| Appellee. | § | |

Submitted: March 23, 2026
Decided: May 8, 2026

## <u>ORDER</u>

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Maurice Cruz-Webster, appeals from the Superior Court's order denying his motion for correction of an illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)     In 2016, a Superior Court jury found Cruz-Webster guilty of first-degree murder and other crimes. The Superior Court sentenced Cruz-Webster to life imprisonment for murder and a total of fifteen years of nonsuspended prison time

for the other offenses. This Court affirmed on direct appeal.[1] Cruz-Webster has also filed unsuccessful motions for postconviction and habeas relief.[2]

(3)     In June 2025, Cruz-Webster filed a motion asserting that his sentence for murder is illegal under *Erlinger v. United States*[3] because a jury did not find any aggravating circumstances identified in 11 *Del. C.* § 4209, the sentencing statute applicable to first-degree murder. He argued that the court was therefore required to vacate his sentence and resentence him under 11 *Del. C.* § 4205(b)(1), which provides a sentencing range of fifteen years to life imprisonment for a class A felony. The Superior Court denied the motion, and Cruz-Webster appealed to this Court.

(4)     We review the denial of a motion for correction of an illegal sentence for abuse of discretion, although questions of law are reviewed *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

---

[1] *Cruz-Webster v. State*, 2017 WL 464536 (Del. Feb. 2, 2017).

[2] *Cruz-Webster v. Emig*, 2024 WL 5154528 (D. Del. Dec. 18, 2024), *cert. of appealability denied*, 2025 WL 3029564 (3d Cir. Apr. 23, 2025), *cert. denied*, 146 S. Ct. 903 (2025) (mem.); *State v. Cruz-Webster*, 2020 WL 5117967 (Del. Super. Ct. Aug. 31, 2020), *aff'd*, 2021 WL 1575180 (Del. Apr. 22, 2021).

[3] 602 U.S. 821 (2024).

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(5) Cruz-Webster contends that "non-capital murder" is not a cognizable crime under Delaware law, and the Superior Court therefore lacked jurisdiction to sentence him for that offense. He also argues that, even if the court had jurisdiction, it was required to sentence him under Section 4205 rather than Section 4209, because a jury did not determine the existence of any of the aggravating circumstances identified in Section 4209.

(6) Cruz-Webster's sentence is not illegal. He was convicted of first-degree murder under 11 *Del. C.* § 636(a)(1).[6] Section 636(b)(1) provides that, if the defendant committed the offense after turning eighteen, first-degree murder "shall be punished [a]s provided in § 4209 of this title."[7] At the time of Cruz-Webster's offense, Section 4209 provided two possible penalties: death or life imprisonment without the possibility of probation or parole.[8] The designation of the case as "non-capital," meaning that the State was not alleging that Cruz-Webster was eligible for the death penalty, did not change the crime for which Cruz-Webster was indicted and convicted—first-degree murder under Section 636(a)(1), a felony over which the Superior Court has jurisdiction.[9]

---

[6] *See* 11 *Del. C.* § 636(a)(1) (providing that a "person is guilty of murder in the first degree when" the "person intentionally causes the death of another person").

[7] *Id.* § 636(b)(1).

[8] *Id.* § 4209(a) (effective June 4, 2013, to Sept. 20, 2023).

[9] *See id.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another court.").

(7)  The Superior Court legally sentenced Cruz-Webster to life imprisonment under Section 4209. In *Rauf v. State*, this Court held that Delaware's capital sentencing scheme violated the Sixth Amendment to the United States Constitution,[10] and in *Powell v. State*, the Court held that *Rauf* applied retroactively to invalidate death sentences that were already final when *Rauf* was decided.[11] But the Court has explicitly upheld the alternative sentence—mandatory life without parole—set forth in Section 4209. In *Zebroski v. State*, the Court rejected a defendant's contentions that *Rauf* invalidated Section 4209 in its entirety and that he therefore should have been sentenced to imprisonment for between fifteen years and life under Section 4205, rather than to life without parole under Section 4209.[12] The Court held that the life-without-parole provision was severable from the invalid capital-sentencing scheme and that "[a] defendant whose death sentence is vacated under *Rauf* and *Powell* must be resentenced to the punishment the General Assembly has specified as the alternative to death: life without parole."[13]

(8)  Citing *Zebroski* and *Erlinger*, Cruz-Webster contends that it was illegal to sentence him under Section 4209 for "mere" intentional murder—that is, without

---

[10] 145 A.3d 430 (Del. 2016).

[11] *Powell v. State*, 153 A.3d 69 (Del. 2016).

[12] 179 A.3d 855 (Del. 2018); *see also Powell*, 153 A.3d at 70-71 ("Powell's death sentence must be vacated and he must be sentenced to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction'" (quoting 11 *Del. C.* § 4209(d)(2))).

[13] *Zebroski*, 179 A.3d at 860.

4

a jury's having found a statutory aggravating circumstance. But Section 4209 required a finding of aggravating circumstances before a defendant could be sentenced to death; if an aggravating circumstance was not found, the statute mandated a life sentence.[14] The jury found Cruz-Webster guilty of first-degree murder beyond a reasonable doubt, and the Superior therefore legally sentenced him to life imprisonment as required by Section 4209.[15]

---

[14] *See* 11 *Del. C.* § 4209(e) (effective June 4, 2013, to Sept. 20, 2023) ("In order for a sentence of death to be imposed, the jury, unanimously, or the judge where applicable, must find that the evidence established beyond a reasonable doubt the existence of at least 1 of the following aggravating circumstances . . . ."); *id.* § 4209(a) ("Any person who is convicted of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished by death or by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction, said penalty to be determined in accordance with this section.").

[15] *See Riley v. State*, 2019 WL 3956411, at *2 (Del. Aug. 21, 2019) (affirming denial of motion for correction of illegal sentence that challenged life sentence for first-degree murder and stating: "As to Riley's severability argument, this Court held in [*Powell* and *Zebroski*] that the life-without-parole alternative in § 4209 is severable from the rest of the death penalty statute. Riley has not shown a basis to overturn either of those decisions."); *Manley v. State*, 2018 WL 6434791, at *1 (Del. Dec. 6, 2018) ("As we have now held many times, *Rauf* did not strike down the entirety of the first degree murder statute—it struck down only the death penalty portion—and the proper sentence for a defendant convicted of first-degree murder is 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction' "). *Cf. also Reed v. State*, 2024 WL 4457496, at *2 (Del. Oct. 9, 2024) (holding that appellant's argument that *Rauf* struck down Section 4209 as unconstitutional did not overcome procedural bars to postconviction relief because appellant was sentenced to life imprisonment, not death).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice